Filed 8/14/23  P. v. Dick CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097909 |
| Plaintiff and Respondent, | (Super. Ct. No. CR88565) |
| v. | |
| JIMMIE DICK, | |
| Defendant and Appellant. | |

On March 13, 1985, defendant Jimmie Dick was sentenced to 15 years to life for second degree murder (Pen. Code, § 187) in Alameda County.  On September 11, 1989, a jury in Sacramento County found defendant guilty of assault by a life prisoner (Pen. Code, § 4500) and possession of a weapon by a life prisoner (Pen. Code, § 4502) for which he received a sentence of life without the possibility of parole for nine years.  On September 6, 2022, defendant filed a petition for resentencing under former

1

section 1170.95 (now section 1172.6)[1] with the Sacramento County Superior Court. Following the appointment of counsel and briefing, the trial court denied defendant's petition, determining he was ineligible for relief with the Sacramento County Superior Court because he had not been convicted of a qualifying offense in Sacramento County. Defendant timely appealed.

Thereafter, defendant's appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and requesting we exercise our discretion to review the entire record for arguable issues on appeal.

On May 9, 2023, appellate counsel wrote defendant, explaining he would be filing a *Delgadillo* brief, and if defendant failed to file a propria persona supplemental brief, his appeal would likely be dismissed. On May 10, 2023, this court also sent a letter notifying defendant: (1) his counsel filed an appellate brief stating his review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we advised defendant that if the court did not receive a letter brief within that period, "the court may dismiss the appeal as abandoned."

Defendant did not file a supplemental brief within the 30 days following the *Delgadillo* notice. We consider defendant's appeal abandoned and order the appeal dismissed. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

---

[1] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute.

DISPOSITION

The appeal is dismissed.

/s/
BOULWARE EURIE, J.

We concur:


/s/
RENNER, Acting P. J.


/s/
KRAUSE, J.